| | |
|---|---|
| JOHNAE HOYT, <br><br>         Plaintiff, <br><br>v. <br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION SECRETARY SCOTT KERNAN, in his official capacity, <br><br>         Defendant. | Case No.: 3:18-cv-0716-H-BLM <br><br>**ORDER:** <br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br>**[Doc. No. 2]** <br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND** <br><br>**[Doc. No. 4]** <br><br>**(3) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

  Johnae Hoyt ("Plaintiff"), a state inmate currently housed at Salinas Valley State Prison ("SVSP")[1] located in Soledad, California, and represented by counsel, has filed an

---

[1] *See https://inmatelocator.cdcr.ca.gov/Results.aspx* (website last visited Apr. 16, 2018)

action entitled "Complaint for Temporary Restraining Order and Preliminary Injunction." (Doc. No. 1.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with "Motion for a Temporary Restraining Order and Preliminary Injunction." (Doc. Nos. 2, 4.)

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," see Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, see 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In order to comply with the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1), (4); see Taylor, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's

income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Although Plaintiff has filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint. See 28 U.S.C. § 1915(a)(2); CivLR 3.2(b). Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. See 28 U.S.C. § 1915(b)(1). Accordingly, the Court denies Plaintiff's motion to proceed IFP at this time.

**II. Screening of Complaint Pursuant to § 1915A**

Although the Court denies Plaintiff leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and Plaintiff's case requires dismissal for that reason alone, the Court also elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. See 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); Coleman v. Tollefson, 135 S. Ct. 1759, 1764 (2015); Resnick v. Hayes, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir.

2014) (quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)).

### A. Plaintiff's Factual Allegations

On February 14, 2017, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD"). (See Doc. No. 1 at ¶ 5.) On July 27, 2017, Plaintiff was issued a "Rule Violation Report" for "allegedly possessing a weapon." (Id. ¶ 6.) During his disciplinary hearing, Plaintiff "requested to call six (6) available witnesses who had personal knowledge of his innocence." (Id. ¶ 7.) However, this request was denied by Lieutenant Altschuler.[2] (Id.) On August 9, 2017, Plaintiff was transferred to Mule Creek State Prison ("MCSP") "in preparation for a transfer to a maximum-security prison." (Id. ¶ 8.) Plaintiff's disciplinary hearing was conducted on August 24, 2017, and he was found to have "violated the RVR and the Institution Classification Committee ordered him to be transferred" to SVSP. (Id. ¶ 9.) On October 16, 2017, Plaintiff was transferred to SVSP. (Id. ¶ 10.) Plaintiff also alleges that he has symptoms related to post-traumatic stress disorder, specifically, nightmares and difficulty sleeping. (See id. ¶¶ 11-15.)

### B. 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. City of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

### C. Plaintiff's Due Process Claim

The only claim brought in this action is titled "Count1 - Denial of Due Process," and alleges that "Plaintiff was denied his due process right to call available witnesses with

---

[2] Lt. Altschuler is not a named Defendant.

personal knowledge of the alleged incident" underlying his RVR violation. (Doc. No. 1 at 4-5; see id. ¶¶ 6-7.) As an initial matter, this claim must be dismissed because the complaint identifies no personal causation on the part of Scott Kernan, the only named defendant. Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Defendant Kernan may be held personally liable for any alleged unconstitutional conduct directed at Plaintiff, the Court concludes that the complaint, as currently pleaded, fails to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### D. Lack of Proper Venue

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). 28 U.S.C. Section 1391(b) provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." Id. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Id. § 1406(a).

While Plaintiff was initially housed at RJD, it is not clear where the disciplinary hearing, upon which Plaintiff bases this entire action, took place. Moreover, the only named defendant is alleged to reside in Sacramento, California. (See Doc. No. 1-1.) And as stated above, Plaintiff is currently housed at SVSP, which is located in Monterey

County. The Court does not dismiss this action for lack of proper venue at this time, but if Plaintiff files an amended pleading, he must be able to clearly show that the "substantial part of the events or omissions giving rise to the claim occurred" in either San Diego or Imperial counties. 28 U.S.C. § 1391(b); id. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.").

## III. Motion for Temporary Restraining Order and Preliminary Injunction

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, because Plaintiff's complaint has not survived the initial sua sponte screening required by 28 U.S.C. § 1915A, the United States Marshal has not yet been directed to effect service on his behalf, and the named defendant has no actual notice of Plaintiff's complaint or motion for injunctive relief. Therefore, the Court cannot grant Plaintiff

6

3:18-cv-0716-H-BLM

injunctive relief because it has no personal jurisdiction over any defendant at this time. See Fed. R. Civ. P. 65(a)(1), (d)(2); Murphy Bros., 526 U.S. at 350; Zepeda, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (citation and internal quotation omitted)).

Furthermore, in conducting its initial sua sponte screening of Plaintiff's complaint, the Court has determined that the complaint fails to state a claim upon which relief can be granted and has dismissed it without prejudice pursuant to 28 U.S.C. § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims at this time. Id.; see also Asberry v. Beard, No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Thus, because Plaintiff has failed to serve the required notice upon the adverse parties and has not shown a likelihood of success on the merits, the Court concludes he is not entitled to the extraordinary injunctive relief he seeks and denies his motion for temporary restraining order and preliminary injunction without prejudice. See Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it."). The Court notes that, if Plaintiff is experiencing any ongoing health problems, he should notify prison medical personnel and enroll in any available treatment or procedures. The Court expects prison authorities to address prisoners' health-related complaints in an appropriate manner.

**IV. Conclusion**

For the reasons discussed above, **IT IS ORDERED** that:

(1) Plaintiff's motion to proceed in forma pauperis, (Doc. No. 2), is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Plaintiff is **GRANTED** thirty (30) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and CIvLR 3.2(b).

(3) The Clerk of Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached motion to proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

(4) Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

(5) Plaintiff is **GRANTED** thirty (30) days leave from the date of this Order in which to file an amended complaint that cures the deficiencies of pleading described above. Plaintiff's amended complaint must be complete by itself without reference to his original complaint. See CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

Should Plaintiff elect not to proceed by filing an amended complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute is permitted if plaintiff fails to respond to a

court's order requiring amendment of complaint); Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

(6) Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED WITHOUT PREJUDICE**. (Doc. No. 4.)

**IT IS SO ORDERED.**

DATED: April 17, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT