UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE HOYT,<br><br>         Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION SECRETARY SCOTT KERNAN, in his official capacity; et al.,<br><br>         Defendants. | Case No.: 3:18-cv-0716-H-BLM<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 10]** |

On May 16, 2018, Plaintiff Johnae Hoyt ("Plaintiff"), a state inmate currently housed at Salinas Valley State Prison ("SVSP")[1] located in Soledad, California, and represented by counsel, filed an amended complaint in this matter. (Doc. No. 9.) On May 16, 2018, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). (Doc. No. 10.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

---

[1] *See https://inmatelocator.cdcr.ca.gov/Results.aspx* (website last visited Mar. 16, 2018)

the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," see Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, see 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In order to comply with the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1), (4); see Taylor, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Here, Plaintiff has submitted a certified copy of his trust account statement for the six month period preceding the filing of the amended complaint, which shows that Plaintiff has no assets. (Doc. No. 10.) Thus, for good cause shown, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

The Court directs the Clerk to issue a summons as to Plaintiff's amended complaint, (Doc. No. 9), upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285. Additionally, the Court directs the Clerk to provide Plaintiff with a certified copy of this Order and a certified copy of his amended complaint and the summons for

2

3:18-cv-0716-H-BLM

purposes of serving Defendants. Upon receipt of this "IFP Package," the Court directs Plaintiff to complete the Form 285 as completely and accurately as possible and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP Package.

Thereafter, the Court orders the U.S. Marshal to serve a copy of the amended complaint and summons upon Defendants as directed by Plaintiff on the Form 285. All costs of service are to be advanced by the United States. <u>See</u> 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). After proper service, the Court orders Defendants to respond to Plaintiff's amended complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12.

**IT IS SO ORDERED.**

DATED: May 16, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT