# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JOHNAE HOYT,

Plaintiff,

v.

SCOTT KERNAN, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; Lieutenant JASON ALTSCHULER; COUNSELOR DOE #1; PSYCHOLOGIST DOE #1; PSYCHIATRIST DOE #1; MENTAL HEALTH PERSONNEL DOES #1-10; Correctional Officer CESAR SIGALA; and the INSTITUTION CLASSIFICATION COMMITTEE, in their official capacities,

Defendants.

Case No.:  3:18-cv-0716-H-BLM

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**[Doc. No. 9]**

On May 16, 2018, Plaintiff Johnae Hoyt ("Plaintiff"), a state inmate currently housed at Salinas Valley State Prison ("SVSP")[1] in Soledad, California, and represented by counsel, filed an amended complaint in this matter.  (Doc. No. 9.)  Attached to that pleading

---

[1] *See https://inmatelocator.cdcr.ca.gov/Results.aspx* (website last visited Mar. 16, 2018)

was a motion for temporary restraining order and preliminary injunction. (See Doc. No. 9-2.) For the reasons discussed below, the Court denies the motion without prejudice.

## BACKGROUND

Plaintiff seeks a temporary restraining order "undoing" his transfer to SVSP pending his administration appeal of certain disciplinary action. (Doc. No. 9-2.) Plaintiff alleges that, as an inmate at Richard J. Donovan State Prison ("RJDSP") in San Diego, California, he was found guilty of having a weapon in his cell. (Doc. No. 9 ¶ 8.) Plaintiff alleges that Defendant correctional officer Cesar Sigala ("Defendant Sigala") planted the weapon in Plaintiff's cell in retaliation for an excessive force complaint Plaintiff made against another correctional officer. (Id. ¶ 12.) Plaintiff further alleges that Defendant Lieutenant Altschuler ("Defendant Altschuler") denied Plaintiff's requests to call witnesses to the disciplinary hearing on the weapon charge. (Id. ¶¶ 14, 16.) Moreover, Plaintiff disputes his current level of medical treatment at SVSP.

On April 10, 2018, Plaintiff filed a complaint against California Department of Corrections and Rehabilitation ("CDCR") Secretary Scott Kernan in his official capacity ("Defendant Kernan"). (Doc. No. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis, which the Court denied. (Doc. Nos. 1, 6.) Performing sua sponte screening, the Court dismissed the complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. (Doc. No. 6.) The Court also denied Plaintiff's motion for injunctive relief, concluding that Plaintiff had not shown a likelihood of success on the merits and that the Court lacked jurisdiction over Defendant Kernan, who had no actual notice of Plaintiff's complaint or the motion for injunctive relief. (Id. at 6-7.)

On May 15, 2018, Plaintiff filed an amended complaint, alleging that Defendant Sigala violated Plaintiff's First Amendment right by planting a gun in his cell in retaliation for Plaintiff's excessive force complaint, and that Defendant Altschuler violated Plaintiff's due process right by denying Plaintiff's request to call witnesses to the prison disciplinary hearing. (Doc. No. 9 ¶¶ 25-26.) Defendant Kernan remains a named defendant who, Plaintiff alleges, has authority to approve or deny a prisoner's transfer. (See id. ¶ 2.)

Attached to the complaint is a motion for temporary restraining order and preliminary injunction. (Doc. No. 9-2.) In the motion, Plaintiff seeks injunctive relief ordering that his transfer to SVSP "be undone" until prison officials act on his administrative appeal. (Id. at 2.)

## DISCUSSION

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Based on the present record, including Plaintiff's factual allegations, declaration, and arguments, the Court concludes that Plaintiff has made an insufficient showing that the requested injunctive relief is warranted at this time. Plaintiff was found guilty of possessing a weapon in his cell at RJDSP and was subsequently transferred to a maximum security prison. (Doc. No. 9-2 at 3.) "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002); see also Jones v. Donovan, No. 3:17-CV-2454, 2018 WL 1035214, at *3 (S.D. Cal. Feb. 23, 2018) ("Plaintiff does not have a constitutional right to be housed in the institution of his choice." (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983))). Moreover, the Court has considered Plaintiff's declaration regarding his medical treatment at SVSP. (Doc. No. 9-3.) Given the amended complaint's addition of various DOE medical personnel defendants, (Doc. No. 9), it is clear that Plaintiff has indeed been seeing medical personnel at SVSP but disagrees with the treatment he has received. At most, Plaintiff complains that he is not receiving rehabilitation, but he has not shown that this constitutes irreparable harm. And although Plaintiff has not alleged an Eighth Amendment deliberate indifference claim regarding his medical treatment at SVSP, it bears noting that

"[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. State of Or., State Welfare Div.</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

It remains to be seen whether this matter should proceed before the Court, considering that Plaintiff is housed outside the Southern District at SVSP in Soledad, California. At any rate, Plaintiff is represented by counsel, who can develop the record regarding the issues raised in the amended complaint. Defendants, for their part, have not yet been served with the amended complaint and will be free to move for a transfer of venue, if appropriate.

<u>**CONCLUSION**</u>

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for temporary restraining order and preliminary injunction. (Doc. No. 9.)

**IT IS SO ORDERED.**

DATED: May 17, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

4